## CIRCUIT COURT OF THE CITY OF RICHMOND

Walter Crump

v.

Michael James Kampe
and Erie Ins. Co.

January 4, 2000

Case No. HK-738-3

BY JUDGE T. J. MARKOW

The parties appeared on December 17, 1999, for trial on the issues joined and evidence was presented and argument was heard.

The plaintiff who was injured by an uninsured motorist makes a claim here under the uninsured motorist section of a policy issued by defendant, Erie Insurance Company, to plaintiff's brother. At the time of the injury, plaintiff was living with his brother. Plaintiff is covered under his brother's Erie policy only if he is a "resident" of the brother's "household who is 1. a person related to you" (the insured) "by blood." Clearly, the plaintiff is related by blood to the insured, his brother. The issue, then, is whether he was a resident of the brother's "household"?

About a month before the injury, plaintiff moved to Virginia from his mother's house in New York. He moved in with a friend but after two weeks had to leave. He was invited by his brother to move into his trailer with the brother and his family and another person.

Plaintiff brought all of his belongings with him and settled into the trailer until he could find a job and save enough money to be able to get his own place.

After his hospitalization from the accident, plaintiff went back to the trailer and was cared for by his brother and sister-in-law for about two months. He stayed in that trailer until they were evicted in September when he moved

with his brother to his sister-in-law's parent's home for about two weeks. Because of overcrowding, he left that home.

Plaintiff's intent was that he would stay with his brother for an indefinite period which he expected might be a year or more but, in any event, until he found a job and accumulated enough money to move to his own place.

Plaintiff is covered under the brother's policy only if he was a resident of the brother's household under the facts of this case.

Interpreting a policy provision similar to that of this policy, the Supreme Court stated:

> Here, we must interpret the meaning of "resident," when followed by "of the same household." The word "household," ... connotes a settled status; a more settled or permanent status is indicated by "resident of the household" than would indicated by "resident of the same house or apartment." "Whether the term 'household' or 'family' is used, the term embraces a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof; a collective body of persons living within one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness."

*Allstate Ins. Co. v. Patterson,* 231 Va. 358 at 361, 362 (1986), citing with approval *State Farm Mutual v. Smith,* 206 Va. 280 (1965). Without doubt we have here a collection of persons living together under one roof and within one curtilage. We do not, however, have a unit of permanent domestic character. While plaintiff lived in the same dwelling with his brother and his family, he was not a permanent part of that unit. His intent was to leave as soon as he was financially able to do so. There was no common object in this groups' living together. Plaintiff's sole purpose was to have a dwelling until he could move on. The brother, wife, and child on the other hand were together indefinitely. Their purpose as a family was to remain together. They shared no such common purpose with plaintiff.

His presence was in the finest sense of brother helping brother in a difficult situation. That help was, at best, of a temporary nature. It did not result in plaintiff becoming a resident of the household.

It is, therefore, ordered that judgment is awarded the defendant, Erie Insurance Company, against the plaintiff, Walter Crump, with the declaration that the plaintiff is not afforded uninsured motorist coverage with respect to

injuries received on or about June 30, 1997, under the policy # Q05-5107285 issued by Erie to James L. Crump.